[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-15135
Non-Argument Calendar

_____

D.C. Docket No. 8:18-cr-00483-CEH-JSS-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAJOR MARQUIS ATKINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 5, 2021)

Before LAGOA, BRASHER, and EDMONDSON, Circuit Judges.

PER CURIAM:

Dajor Atkins appeals his conviction for aiding and abetting the brandishing of a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2.  Atkins also appeals the district court's denial of a two-level minor-role reduction in calculating his applicable guidelines range.  No reversible error has been shown; we affirm.

Briefly stated, Atkins and codefendant Riley Harris robbed an AT&T store on 2 June 2018.  On the day of the robbery, Atkins drove himself and Harris to the store and backed into a parking spot.  Harris then entered the store, pointed a gun at the store's employees, and stole about $50,000 in cash and merchandise.  During the robbery, Atkins stayed in the car, maintained cell phone communication with Harris, kept a lookout, and then acted as the getaway driver.

In a second superseding indictment, a federal grand jury charged Atkins with conspiracy to commit a Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) ("Count 1"), aiding and abetting a Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951(a) and (b), and 2 ("Count 2"), aiding and abetting the brandishing of a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii)

2

and 2 ("Count 3"), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) ("Count 4").

Following a trial, the jury found Atkins guilty of the charged offenses. The district court later sentenced Atkins to a total of 154 months' imprisonment: 70 months on each of Counts 1, 2, and 4 plus a mandatory consecutive 84-month sentence for Count 3.

I.

Atkins first challenges the district court's denial of his motions for judgment of acquittal on Count 3.* Atkins contends that the evidence presented at trial was insufficient to prove that Atkins had advance knowledge that Harris would use or carry a firearm during the robbery.

"We review de novo a district court's denial of judgment of acquittal on sufficiency of the evidence grounds." United States v. Rodriguez, 732 F.3d 1299, 1303 (11th Cir. 2013). In determining the sufficiency of the evidence, "we consider the evidence in the light most favorable to the government, drawing all reasonable inferences and credibility choices in the government's favor." Id. We

---

* On appeal, Atkins raises no challenge to his convictions for Counts 1, 2, and 4.

3

cannot overturn a jury's verdict unless no "reasonable construction of the evidence would have allowed the jury to find the defendant guilty beyond a reasonable doubt." Id.

"[W]hen the government relies on circumstantial evidence, the conviction must be supported by reasonable inferences, not mere speculation." Id. "[I]n giving effect to such inferences as may reasonably be drawn from the evidence juries properly apply their common knowledge, observations and experience in the affairs of life." United States v. Cruz-Valdez, 773 F.2d 1541, 1546 (11th Cir. 1985) (en banc). Credibility questions are for the jury; we will not disturb the jury's credibility finding "unless the testimony is 'incredible as a matter of law'" such that "it relates to 'facts that the witness could not have possibly observed or events that could not have occurred under the laws of nature.'" United States v. Flores, 572 F.3d 1254, 1263 (11th Cir. 2009).

A person is liable for aiding and abetting a federal offense under 18 U.S.C. § 2 -- and is "punishable as a principal" -- if he "(1) takes an affirmative act in furtherance of that offense, (2) with the intent of facilitating the offense's commission." Rosemond v. United States, 572 U.S. 65, 70-71 (2014). Under section 924(c), a person is subject to an enhanced penalty if he brandishes a firearm during a crime of violence. See 18 U.S.C. § 924(c)(1)(A)(ii).

4

A person has the requisite intent to aid and abet a section 924(c) offense when he participates actively in the crime with advance knowledge that one of his accomplices will use or carry a gun during the crime's commission. Id. at 77-78. Advance knowledge is "knowledge that enables [the defendant] to make the relevant legal (and indeed, moral) choice" to either "attempt to alter [the] plan," "withdraw from the enterprise," or "go ahead with his role in the venture" and, thus, show his intent to aid an armed offense. Id. at 78.  In other words, advance knowledge means "knowledge at a time the accomplice can do something with it -- most notably, opt to walk away." Steiner v. United States, 940 F.3d 1282, 1290 (11th Cir. 2019).  When a defendant continues to participate in a crime after a gun is displayed or used by an accomplice, a jury may infer that the defendant had advance knowledge.  Rosemond, 572 U.S. at 78 n.9; Steiner, 940 F.3d at 1292.

Viewed in the light most favorable to the government, the evidence presented at trial was sufficient to permit a reasonable factfinder to conclude beyond a doubt that Atkins had advance knowledge that Harris planned to carry or use a gun during the robbery.  At trial, Harris testified that -- two weeks before the 2 June robbery -- Harris told Atkins about three earlier robberies Harris had committed.  Harris and Atkins then agreed to commit a robbery together with Atkins acting as the driver.  During that conversation, Harris told Atkins that, to

5

prepare for the robbery, Harris first needed to get a rental car and "a new gun." When Atkins was later told by Harris that he was ready to commit the robbery, the jury could infer reasonably that Atkins understood that Harris had acquired a gun to use during the crime.

Harris also testified that -- while both he and Atkins were in the car immediately before the robbery -- Harris audibly cocked his gun. It is reasonable to infer that Atkins heard the gun cocking and knew that Harris had brought a gun as planned. Atkins's continued participation in the robbery after Harris said he needed to get a gun and after Harris cocked the gun supports a finding that Atkins had advance knowledge that Harris planned to carry or use a gun during the robbery.

The evidence produced at trial was sufficient to allow the jury to find Atkins guilty beyond a reasonable doubt; the district court committed no error in denying Atkins's motions for a judgment of acquittal on Count 3.

## II.

Atkins next contends that the district court calculated incorrectly his guidelines range by failing to apply a two-level minor-role reduction under

6

U.S.S.G. § 3B1.2.  Atkins argues that his role in the robbery was minimal in comparison to Harris's involvement.

The district court's denial of a minor-role reduction is a finding of fact that we review for clear error.  United States v. Cruickshank, 837 F.3d 1182, 1192 (11th Cir. 2016).  Under the clear error standard, we will defer to the district court's findings unless we are "left with a definite and firm conviction that a mistake has been committed."  Id.

Under U.S.S.G. § 3B1.2(b), a defendant's base offense level may be reduced by two levels if the defendant was "a minor participant in any criminal activity." The defendant bears the burden of establishing his minor role by a preponderance of the evidence.  Cruickshank, 837 F.3d at 1192.

Two elements inform the sentencing court's determination about a defendant's role in an offense: (1) "the defendant's role in the relevant conduct for which he has been held accountable at sentencing;" and (2) the defendant's "role as compared to that of other participants in his relevant conduct."  Id. (alterations omitted).  About the first element, we have said that a minor-role reduction is appropriate "[o]nly if the defendant can establish that [he] played a relatively minor role in the conduct for which [he] has already been held accountable -- not a

7

minor role in any larger criminal conspiracy." United States v. De Varon, 175 F.3d 930, 944 (11th Cir. 1999) (en banc).

The district court committed no clear error in denying Atkins a minor-role reduction. The evidence introduced at trial demonstrated that Atkins acted as a lookout, maintaining cell phone communication with Harris for the duration of the robbery. Atkins then served as the getaway driver, began driving away from the scene as Harris jumped into the car, and chose the escape route. This evidence supports the district court's determination that Atkins's role was crucial to the ultimate success or failure of the robbery. That Atkins played a lesser role in the offense than did Harris -- by itself -- warrants no minor-role reduction. See id. ("[T]hat a defendant's role may be less than that of other participants engaged in the relevant conduct may not be dispositive of role in the offense, since it is possible that none are minor or minimal participants.").

AFFIRMED.

8